```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                    DALLAS DIVISION

HENRY KIRKWOOD, et al.,         §
                                §
                   Plaintiffs,  §
                                § Civil Action No. 3:04-CV-0226-D
VS.                             §
                                §
INCA METAL PRODUCTS             §
CORPORATION, et al.,            §
                                §
                   Defendants.  §
```

MEMORANDUM OPINION
AND ORDER

Plaintiffs Henry Kirkwood and Jessie Cole move to extend the time for discovery in this case beyond the court-ordered deadline of July 2, 2007. For the reasons set forth below, the court denies the motion.[1]

I

Plaintiffs brought this action on February 4, 2004, alleging claims under federal and/or state law for discrimination based on race and age, wrongful and retaliatory discharge, and intentional infliction of emotional distress. On October 18, 2004 the court stayed the case after another member of this court revoked plaintiffs' counsel's right to practice. The court lifted the stay

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

on February 1, 2006, after counsel was readmitted to the Bar.

By a July 6, 2006 scheduling order, the court set July 1, 2007 as the deadline for the parties to complete discovery. Under Fed. R. Civ. P. 6(a), to which the order explicitly referred, the deadline was extended to July 2, 2007, because July 1 was a Sunday. On July 2 plaintiffs filed the instant motion to enlarge time, requesting a 60-day extension of the discovery period. Defendants oppose the motion.

II

Except in categories of actions exempted by district court rule as inappropriate, the district court is required in a civil case to enter a scheduling order that limits, *inter alia*, the time for the parties to complete discovery. *See* Rule 16(b)(3). When a party later seeks to modify the scheduling order, Rule 16(b) requires that he show good cause for doing so and be granted leave by the district judge. Rule 16(b); *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997). The "good cause" standard focuses on the diligence of the party seeking to modify the scheduling order. *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish "good cause." *Id.*; *Price v. United Guar. Residential*

*Ins. Co.*, 2005 WL 265164, at *4 (N.D. Tex. Feb. 2, 2005) (Fish, C.J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). Instead, the movant must show that, despite his diligence, he could not reasonably have met the scheduling deadline. *Am. Tourmaline Fields*, 1998 WL 874825, at *1 (citing 6A Wright, et al., *Federal Practice & Procedure*, § 1522.1 at 231 (2d ed. 1990)); *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "The filing of a request for an extension does not act as an automatic stay of the deadline, nor does it constitute good cause for an extension of the deadline. To the contrary, it is merely an invocation of the court's discretion." *Price*, 2005 WL 265164, at *3.

III

Plaintiffs do not state specifically why they were unable to complete discovery within the allotted time. They simply advance a few conclusory assertions in support of their motion. These contentions are insufficient to establish "good cause" for modifying the scheduling order. *See* Rule 16(b); *Reliance Ins. Co.*, 110 F.3d at 257.

Plaintiffs maintain that their counsel "had a difficult time getting his clients to respond to requests [to] assist in discovery" because of the "long hiatus" between the original filing of the case and "its present consummation." Ps. Mot. ¶ 5. This

extended period of time from the beginning of the case to the present does not adequately explain, however, why counsel could not obtain the help he needed from his clients, nor does it excuse his failure to timely accomplish the needed discovery within the nearly one-year period allowed from entry of the July 6, 2006 scheduling order to the July 2, 2007 discovery deadline.

If the period during which plaintiffs' counsel was temporarily disbarred had overlapped with the discovery period, the correlation between the "long hiatus" and the failure to complete discovery might be more compelling. But counsel was readmitted to practice in January 2006, and the court lifted the stay on February 1, 2006. Both dates substantially predated the entry of the scheduling order. Prior to the stay, the lawsuit had been pending since 2004. Plaintiffs' counsel knew then that it was necessary to conduct discovery and to prepare for an eventual trial. Nearly 1½ years elapsed between the date he was readmitted and the discovery deadline. Moreover, counsel's disbarment does not establish good cause, because he had a substantial period of time *after* he was readmitted in which to conduct needed discovery. The conclusory contention that counsel could not get the help he needed from his clients is not an adequate explanation for why the allotted time was insufficient.

Plaintiffs also maintain that the discovery deadline should be extended because when they requested on July 2, 2007 the

opportunity to depose defendants, their attorney "refused to allow such depositions." Ps. Mot. ¶ 4. July 2, 2007, however, was the discovery deadline: i.e., the date discovery should have been *completed*, not *initiated*. Plaintiffs offer no explanation for why they waited until the very last day for completing discovery to begin conducting it. Thus the allegation that defendants were uncooperative in responding to discovery requests initiated on the final day for completing discovery is insufficient to establish that, despite plaintiffs' diligence, they could not reasonably have met the deadline. *See Am. Tourmaline Fields*, 1998 WL 874825, at *1; *Sw. Bell Tel. Co.*, 346 F.3d at 546; *see also Price*, 2005 WL 265164, at *3 ("A party takes a significant risk when it seeks an extension of a deadline close to the actual deadline.").

Plaintiffs also assert that both sides have engaged in "protracted settlement discussions to no avail."[2] Ps. Mot. ¶ 3. If plaintiffs did not believe the case would settle, it is unclear why these assertions are relevant to a showing of due diligence in conducting discovery. Even if plaintiffs reasonably believed the case would settle, this does not excuse them from their duty to complete discovery by the deadline. *Cf. Navarro v. Microsoft Corp.*, 214 F.R.D. 422, 423 (N.D. Tex. 2003) (Sanders, J.) (denying

---

[2]Defendants deny this allegation, contending instead that plaintiffs made only one settlement offer in December 2006, "which was immediately rejected as unreasonable." Ds. Resp. 3.

motion to amend complaint where "[p]laintiffs stated reason for delay is that they thought the case would settle at mediation").

Plaintiffs posit that defendants "changed corporate hands several times," and that notice was not given to plaintiffs "regarding the appropriate entity to be sued." Ps. Mot. ¶ 3. Even if defendants' corporate hands changed during the relevant time period, they have been represented by the same counsel throughout this lawsuit. Therefore, any concerns plaintiffs had regarding whom they were suing could have been adequately addressed. This argument is insufficient to establish that plaintiffs were unable to complete discovery despite their diligence. *See Am. Tourmaline Fields*, 1998 WL 874825, at *1; *Sw. Bell Tel. Co.*, 346 F.3d at 546.

Finally, it is notable that plaintiffs' apparent inability to comply with court-ordered deadlines is not limited to completing discovery. Plaintiffs have missed, or sought extensions for, deadlines for filing their certificate of interested persons, filing a scheduling proposal, and effecting service. They have shown a pattern of disregarding court-ordered deadlines. This tends to establish that plaintiffs' failure to meet a discovery deadline that allowed almost one full year for discovery is not the result of circumstances beyond the control of their diligent efforts, but is instead due to their own neglect. This is not a satisfactory reason for extending the court-ordered discovery deadline. *See Am. Tourmaline Fields*, 1998 WL 874825, at *1; *Sw.*

*Bell Tel. Co.*, 346 F.3d at 546.

Accordingly, the court holds that plaintiffs have failed to show that they exercised the requisite diligence in attempting to complete discovery within the allotted time period. Absent such a showing, the court is left to conclude that neglect, at least prior to the final day of the discovery period, caused plaintiffs' failure to conduct and complete discovery within the time allotted. This is insufficient to establish the "good cause" required to warrant modifying the scheduling order. *See Am. Tourmaline Fields*, 1998 WL 874825, at *1.

\* \* \*

The court concludes that plaintiffs have failed to demonstrate that they could not have reasonably completed discovery by July 2, 2007. They have therefore failed to demonstrate good cause under Rule 16(b) for modifying the July 6, 2006 scheduling order. Their July 2, 2007 motion to enlarge time is therefore denied.

**SO ORDERED.**

August 13, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE